UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHAN F. MORENO,<br><br>Defendant. | Case No.  6:22-po-00487-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND ALTERNATIVE REQUEST FOR FUNDS FOR TRAVEL AND SUBSISTENCE<br><br>(Doc. No.  15) |

Pending before the Court is Defendant's motion requesting the Court to reconsider its order denying his request for a remote appearance at his change of plea hearing scheduled for February 8, 2023.  (Doc. No. 15).  In the alternative, Defendant requests the Court to direct the United States Marshal Office to provide Defendant with subsistence expenses he would incur traveling to and back home from the Yosemite Courthouse pursuant to 18 U.S.C. § 4285.  (*Id*. at 2).

**Defendant's Motion for Reconsideration**

First, Defendant requests the Court to reconsider its prior denial of his request to appear remotely for his plea and sentencing.  (Doc. No. 15 at 1; *see also* Doc. No. 14).  Defendant's motion for reconsideration is procedurally deficient.  L.R. 430.1(i).  Notably, Defendant does not set forth any new or different facts or circumstances.   L.R. 430.1(i)(3).  Thus, the Court denies the motion for reconsideration.

**Defendant's Request for Subsistence Expenses Pursuant to 18 U.S.C. § 4285**

Alternatively, Defendant requests the Court to direct the United States Marshal Office to provide Defendant with subsistence expenses he would incur traveling to and from the Yosemite Courthouse if he is required to personally appear at his plea and sentencing on February 8, 2023. (Doc. No. at 2). Whether to order payment for transportation for an indigent defendant is with a court's discretion. *U.S. v. Forest*, 597 F.Supp.2d 163, 165 (D. Me. Feb. 12, 2009) (citing 18 U.S.C. § 4285). "The statute places the onus on the defendant to demonstrate that [he] 'is financially unable to provide the necessary transportation.'" *Id*. (quoting 18 U.S.C. § 4285). This burden is a heavy burden. *Id*.; *U.S. v. Mouzon*, 2014 WL 1303708, at *2 (M.D. Pa. Mar. 31, 2014). And requires the court to conduct an "appropriate inquiry" into the defendant's financial condition. 18 U.S.C. § 4285; *Mouzon*, 2014 WL 1303708, at *2. "The fact that a defendant may be indigent for purposes of appointment of counsel…is a different standard." *Forest*, 597 F.Supp.2d at 165. Rather, the court "must find that the defendant is so destitute that [he] is financially unable to provide the necessary transportation to appear before the required court on his own." *Id*. (internal quotations omitted) (citing 42 U.S.C. § 4285).

With regards to the financial hardship, Defendant's initial motion includes only counsel's assertion that requiring Defendant to appear "cuts at his income." (Doc. No. 12 at 1:21). In his renewed motion, counsel makes only a passing reference to "the financial costs" and Defendant's "indigency." (Doc. No. 15 at 1:25; 2:1). Defendant, however, provides no sworn statement to sustain his burden of demonstrating he is so financially destitute that he is unable to provide the necessary transportation costs to appear at his change of plea and sentencing hearing on February 8, 2023. *Forest*, 597 F.Supp.2d at 166. No does Defendant provide any evidence of his financial condition. *See U.S. v. Vaughan III*, 2002 WL 1067456 (D. Kan. May 16, 2002). As noted, *supra*, the burden to satisfy reimbursement of travel costs is higher than the burden to qualify for court appointed counsel. For this Court to comply with its statutory obligation and be able to conduct an appropriate inquiry into Defendant's financial condition, Defendant must provide the Court with sufficient information sworn to under penalty of perjury. Such financial information must be more comprehensive than the information provided on the financial form used for appointment of

counsel.  At a minimum, Defendant should provide the more detailed type of information contained in the AO 239 (Long Form) Application.

Accordingly, it is **ORDERED**:

Defendant's motion for reconsideration for a remote appearance or alternative request for funds for travel subsistence (Doc. No. 15) is DENIED without prejudice.

Dated:   February 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE